IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FREDERICK A. BATTON, et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO.   2:16-cv-12036

WELLS FARGO BANK, N.A.,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion to Dismiss [ECF No. 7]. The plaintiffs did not file a timely response to the Motion. For the reasons given below, the Motion is **DENIED.**

I.    Background

On December 12, 2016, the plaintiffs filed their Complaint [ECF No. 1] with the court. The plaintiffs allege that the defendant violated the Real Estate Settlement Procedures Act ("RESPA"). Compl. 2–4. According to the plaintiffs, the defendant received a qualified written request ("QRW") from the plaintiffs, but the defendants refused to respond to the QWR and failed to conduct an investigation.[1] The plaintiffs state that they have suffered actual damages as a result of the defendant's inaction:

> [T]he Plaintiff was harmed financially in that [ ] she has to hire an attorney, she had to pay a filing fee to file this lawsuit and she lost a

---

[1] For the purpose of resolving the defendant's Motion, the court accepts as true all of the well-pleaded allegations in the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009).

> $400 filing fee on the last lawsuit, she had to spend time assembling this case and working with an attorney. Further, she was hassled, annoyed, inconvenienced, forced to waste time. Further because she has been denied her RESPA response she has been unable to fix her mortgage.

Compl. ¶ 15.d. The plaintiffs seek statutory damages and reasonable attorney's fees and costs.

The defendant argues that the plaintiffs have failed to allege any "actual damages" under RESPA, and thus they have failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court reiterated in *Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

## III. Discussion

Congress enacted RESPA in order to "insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601. One tool provided to consumers under RESPA is the ability to submit a QWR to loan servicers, allowing consumers to request information or to request that errors be investigated and corrected.

The statute requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days." 12 U.S.C. § 2605(e)(1)(A). Additionally, the statute requires that the loan servicer conduct an investigation and explain its findings within 30 days of receiving the QWR. *See* 12 U.S.C. § 2605(e)(2).

RESPA provides that any loan servicer who fails to comply with the applicable QWR response provisions will be liable to the borrower in the following amounts:

> In the case of any action by an individual, an amount equal to the sum of—
>
> (A) any actual damages to the borrower as a result of the failure; and
>
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. § 2605(f)(1). Additionally, "in the case of any successful action under this section, the costs of the action, together with any attorney's fees incurred in connection with such action as the court may determine to be reasonable under the circumstances" may be awarded. 12 U.S.C. § 2605(f)(3). Thus, the statute requires that a plaintiff suffer "actual damages" before he or she may recover any statutory damages or attorney's fees and costs. *See* 12 U.S.C. § 2605(f)(1)(A); *see also Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); *Bishop v. Quicken Loans, Inc.*, No. 2:09-cv-01076, 2010 WL 3522128, at * 6 (S.D. W. Va. Sept. 8, 2010) (Copenhaver, J.) (dismissing a claim under RESPA because the plaintiffs failed to allege actual damages); *Ghuman v. Wells Fargo Bank, N.A.*, 989 F. Supp. 2d 997, 1007 (E.D. Cal. 2013) ("A RESPA claim's failure to allege a pecuniary loss resulting from a failure to respond is fatal to the claim.").

Taking all of the plaintiffs' allegations as true, the plaintiffs have sufficiently alleged actual damages under RESPA. *See* 12 U.S.C. § 2605(f)(1)(A); *see also Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 816 (N.D. Ill. 2001) (deciding that a plaintiff sufficiently stated a claim to recover under RESPA for time spent on the case and for inconvenience, insofar as the plaintiff could establish actual pecuniary loss); *cf. Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F. Supp. 2d 1156, 1165 (M.D. Ala. 1999) ("Regarding the damages provision of [RESPA], the court reads 'actual damages' broadly so as to encompass mental anguish damages.").

As discussed above, the plaintiffs stated that they suffered damages regarding wasted time, annoyance, inconvenience, and paid filing fees. *See* Compl. ¶ 15.d. Accordingly, the court **FINDS** that the plaintiffs have sufficiently stated a claim upon which relief can be granted.

IV. **Conclusion**

The court **ORDERS** that the defendant's Motion to Dismiss [ECF No. 7] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 31, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE